# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF DELAWARE

| | |
|---|---|
| STUART P. LINDNER,           ) | |
|                     ) | |
|       Plaintiff     ) | **Case No.:** |
|                     ) | |
|     v.               ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ALLIED INTERSTATE LLC f/k/a ) | |
| ALLIED INTERSTATE, INC.,   ) | **(Unlawful Debt Collection Practices)** |
|                     ) | |
|       Defendant   ) | |

## COMPLAINT

STUART P. LINDNER ("Plaintiff"), by and though his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE LLC f/k/a ALLIED INTERSTATE, INC. ("Defendant"):

## INTRODUCTION

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

- 1 -

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the State of Delaware, and therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. §1391(b)(2), as Defendant conducts business and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5.     Plaintiff is a natural person residing in Middletown, Delaware, 19702.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.     In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. §1692k(a) and Weinrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.     Defendant is a national debt collection company with its corporate headquarters located at 335 Madison Avenue, 7th Floor, New York, New York 10017.

9.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

12.     Upon information and belief, the alleged debt arose out of transactions, which were primarily for personal, family, or household purposes.

13.     As Plaintiff has no business debt, the alleged debt could only be personal in nature.

14.     Plaintiff disputes owing the alleged debt.

15.     Beginning in January 2012, and continuing through February 2012, Defendant repeatedly contacted Plaintiff on his work telephone in its attempts to collect a consumer debt.

16.     Upon information and belief, Defendant is attempting to collect the debt of another person.

17.     It was embarrassing for Plaintiff to receive collection calls at his place of employment, as some of the calls would be received at times when Plaintiff had other individuals in his office, and those individuals could overhear the calls and would inquire to him about why he was being contacted by a debt

collection company.

18.     Beginning on January 25, 2012, Plaintiff began noting the frequency of Defendant's collection calls.

19.     Specifically, Plaintiff noted that he received collection calls from Defendant on January 25, 2012; February 2, 2012; February 6, 2012, at 9:10 a.m.; February 7, 2012, at 10:00 a.m.; February 8, 2012, at 9:00 a.m.; and February 9, 2012, at 11:45 a.m.

20.     In those instances where Plaintiff did not answer its calls, Defendant would leave voicemail messages on his work telephone instructing him to call back and providing a reference number.

21.     Plaintiff noted that Defendant left voicemail messages on his work telephone on: January 29, 2012, at 9:48 a.m.; February 1, 2012, at 8:38 a.m.; February 3, 2012, at 10:00 a.m.; February 4, 2012, at 9:10 a.m.; and February 5, 2012, at 9:03 a.m.

22.     On several occasions, Plaintiff called the number provided in Defendant's voicemail messages, and when he did, he received a pre-recorded message, advising him to press "4" to indicate that he was not the person they were seeking.

23.     When Plaintiff pressed "4," he received a response stating that they were "sorry" and that they would "stop calling."

24.     Plaintiff was never provided an option to speak with a live person.

25.     Defendant, however, did not update its records to avoid the further harassment of Plaintiff or undertake any investigation into the information provided by Plaintiff that it was contacting the wrong number.

26.     Defendant continued to call Plaintiff in its attempts to collect a consumer debt.

27.     Plaintiff then tried to get Defendant's attention by composing and sending two (2) emails, again explaining that calls were being placed to the wrong person and instructing them to stop contacting him.   Plaintiff provided the telephone number that Defendant was actually calling, as well as the reference number from the recorded messages.

28.     Despite the above efforts, Defendant continued to call Plaintiff, most recently calling him on February 9, 2012, at 11:45 a.m.

29.     Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

29.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

a. Section 1692b(2) of the FDCPA prohibits a debt collector from

PLAINTIFF'S COMPLAINT

disclosing that a consumer owes a debt when it is communicating with a person other than the consumer for the purpose of acquiring location information.

b. Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

c. Here, Defendant violated §§1692b(2) and 1692b(3) of the FDCPA by communicating with Plaintiff more than once about another person's debt, and disclosing the existence of the debt to Plaintiff.

## COUNT II

a. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. Here, Defendant violated §1692d of the FDCPA by calling Plaintiff almost every day in its attempts to collect the debt of another person.

PLAINTIFF'S COMPLAINT

# COUNT III

a.  A debt collector violates §1692f of the FDCPA by using unfair and unconscionable means in connection with the collection of a debt.

b.  Here, Defendant violated §1692f when it failed to update its records to avoid contacting Plaintiff after Plaintiff instructed it to stop calling him and not giving Plaintiff an option to speak with a live person.

WHEREFORE, Plaintiff, STUART P. LINDNER, respectfully prays for a judgment as follows:

a.  All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## **DEMAND FOR JURY TRIAL**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

Date:  12/17/2012                        By: */s/ W. Christopher Componovo*
                                             W. Christopher Componovo
                                             Attorney ID #3234
                                             Kimmel & Silverman, P.C.
                                             Silverside Carr Executive Center
                                             Suite 118, 501 Silverside Road
                                             Wilmington, DE 19809
                                             Phone: (302) 791-9373
                                             Facsimile: (302) 791-9476

PLAINTIFF'S COMPLAINT